IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND JEFFERSON, SR., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. |
| PILOT TRAVEL CENTERS, LLC, | § § § | _____ |
| Defendant. | § § | |

## DEFENDANT PILOT TRAVEL CENTERS, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Pilot Travel Centers, LLC, ("Defendant" or "Pilot") and files this its Notice of Removal pursuant to 28 U.S.C. §1446(a). In support thereof, Defendant would respectfully show the Court as follows:

### I. STATEMENT OF FACTS

1.	Plaintiff is Raymond Jefferson, Sr. ("Plaintiff"), a resident of Dallas County, Texas as alleged in Plaintiff's Original Petition.

2.	Defendant is Pilot Travel Centers LLC, a Delaware limited liability company.

3.	On January 12, 2022, Plaintiff filed a premises liability/negligence action against Defendant in the 354th Judicial District Court of Hunt County, Texas. (*See* Index of State Court Documents ("Index") at Tab 1).

4.	Defendant was served with Plaintiff's suit on January 13, 2022. (*See* Index at Tab 2). Defendant files this Notice of Removal within the thirty-day time period imposed by 28 U.S.C. §1446(b). Therefore, this Notice is timely filed.

## II. BASIS FOR REMOVAL

5.      Removal is proper because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 on the face of Plaintiff's petition. *See* 28 U.S.C. §1332(a); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (noting that complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side).

## III. CITIZENSHIP ANALYSIS

6.      Plaintiff resides in Texas and therefore is a citizen of Texas. (*See* Index at Tab 1); *See Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003).

7.      Defendant is a limited liability company organized and existing under the laws of the State of Delaware. Importantly, for diversity purposes the citizenship of a limited liability company **is not** determined by its principal place of business or state of formation. Rather, the citizenship of a limited liability company for diversity jurisdiction purposes is determined by the citizenship of each of its members. *See Harvey*, 542 F.3d at 1080-1081; *Trafigura AG v. Enterprise Products Operating, LLC*, 995 F.Supp.2d 641, 644 (S.D. Tex. 2014) ("Unlike corporations, the citizenship of a limited liability company ('LLC') or a partnership is determined by the citizenship of all its members.").

8.      Similar to a limited liability company, the citizenship of a limited partnership is determined by the citizenship of its partners. *See Harvey*, 542 F.3d at 1079. A corporation is a citizen of the state in which it was incorporated and state in which it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen Limited Liability Corporation*, 757 F.3d 481, 483 (5th Cir. 2014). A corporation's principal place of business is

where the officers of the company direct, control and coordinate the corporation's activities. *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015).

9. When the members or partners of a limited liability company or limited partnership are also entities or associations, each layer must be traced backwards to determine citizenship. *See Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F.Supp.2d 760, 765 (S.D. Tex. 2007) ("[C]itizenship of an unincorporated association must be traced through each layer of the association, however many there may be.").

A. **PILOT TRAVEL CENTERS, LLC**

10. As a limited liability company, Defendant is composed of four members: (a) National Indemnity Company; (b) Pilot Corporation; (c) BDT I-A Plum Corporation; and (d) FJM Investments, LLC.

11. National Indemnity Company is a citizen of Nebraska. National Indemnity Company was incorporated in Nebraska and its principal place of business is also located in Nebraska.

12. Pilot Corporation is a citizen of Tennessee. Pilot Corporation was incorporated in Tennessee and its principal place of business is also located in Tennessee.

13. BDT I-A Plum Corporation is a citizen of both Illinois and Nebraska. BDT I-A Plum Corporation was incorporated in Illinois. The principal place of business for BDT I-A Plum Corporation is located in Nebraska.

14. FJM Investments, LLC is a citizen of Utah. FJM Investments, LLC is a Utah limited liability company composed of one member, FJ Management, Inc. FJ Management Inc. was incorporated in Utah and its principal place of business is also located in Utah.

15. Based upon the foregoing, the members of Defendant are citizens of Nebraska, Tennessee, Illinois and Utah. Consequently, Defendant is a citizen of Nebraska, Tennessee, Illinois, and Utah for diversity purposes.

16. Because Plaintiff is a citizen of Texas, complete diversity of citizenship exists and removal on the grounds of diversity jurisdiction is appropriate. *See* 28 U.S.C. §1332(a). Complete diversity of the parties existed on the date the state court action was filed, and existed at the time this Notice of Removal was filed.

### IV.   AMOUNT IN CONTROVERSY ANALYSIS

17. The amount in controversy in this case exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). In his Original Petition, Plaintiff "seeks monetary relief of over $250,000." (*See* Index at Tab 1, at ¶ 6). Because Plaintiff pleads an amount vastly in excess of $75,000, the amount in controversy is established on the face of Plaintiff's state court petition. *See Espinoza v. Allstate Texas Lloyds*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). Furthermore, Plaintiff requests that discovery be conducted under Level 2, rather than the expedited discovery process available under Level 1. *See Cotton v. Kroger Tex., LP*, No. 4:19-CV-730, 2019 WL 6878828, at *3 (E.D. Tex. Dec. 17, 2019) (mem. op.) ("[T]he fact that [the plaintiff] did not seek to utilize the expedited discovery procedures available to Level 1 plaintiffs seeking less than $100,000 under the Texas rules is relevant to determining the amount in controversy."). Recently, Texas Rule of Civil Procedure 169 was amended to limit the amount of recovery to $250,000.00—far more than the amount in controversy requirement of $75,000.00. Plaintiff's unwillingness to proceed under a Level 1 discovery plan that would limit his recovery to $250,000.00 supports Plaintiff's belief that his damages exceed $250,000.00 in this case. *See List v. PlazAmericas Mall Tex., LLC*, No. H-18-

4810, 2019 WL 480130, at *2-*4 (S.D. Tex. Fed. 7, 2019) (mem. op.). Thus, the amount in controversy is affirmatively established on the face of Plaintiff's Original Petition.

18.   Similarly, it is facially apparent that Plaintiff's claims exceed the jurisdictional minimum. *See Espinoza v. Allstate Texas Lloyds*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (quoting *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Plaintiff requests damages for "medical care and expenses in the past," "medical care and expenses which will in all reasonable probability be incurred by Raymond Jefferson in the future," "physical pain and suffering in the past," "physical pain and suffering in the future," "mental anguish in the past," "mental anguish in the future," "physical impairment in the past," "physical impairment in the future," and "damages to personal property." (*See* Index at Tab 1, at ¶ 35(a)-(i)). Plaintiff further requests pre-judgment interest, post-judgment interest and court costs. (*See* Index at Tab 1, at pg. 6-7). Importantly, Plaintiff also requests exemplary damages. *See Gutierrez v. Swift Transp. Co., Inc.*, No. EP-10-CV-406-KC, 2011 WL 318294, at *3 (W.D. Tex. Jan. 28, 2011) (mem. op.).

19.   In addition, Plaintiff requests "damages in an amount within the jurisdictional limits of the Court" of the state district court, which does not have an upper limit on its authority to grant monetary damages. (*See* Index at Tab 1, at pg. 6). "[W]hen a plaintiff alleges a host of potential forms of relief, such a decision indicates that the plaintiff is seeking any possible grounds to maximize her recovery to the cap." *See Morris v. Home Depot U.S.A., Inc.*, No. 3:10-CV-2289-B, 2011 WL 711047, at *4 (N.D. Tex. Feb. 28, 2011) (mem. op.) (internal quotations omitted). Moreover, as in this case, "[w]hen a plaintiff claims slip-and-fall damages, such as medical expenses, physical pain and suffering, and disability and disfigurement, a recovery exceeding $75,000 'could reasonably be expected.'" *Cotton*, 2019 WL 6878828, at *3.

20. All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. *See* 28 U.S.C. §1446(b)(2)(A).

21. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

22. Venue is proper in this District under 28 U.S.C. §1441(a) because the state court where the suit is pending is located in this District.

23. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit is pending.

### III.  JURY DEMAND

24. Plaintiff demanded a jury in the state-court suit.

### IV.  CONCLUSION

25. Plaintiff and Defendant are completely diverse and the amount in controversy exceeds the jurisdictional minimum. For these reasons, Defendant respectfully removes the State Court action to the Northern District of Texas.

DEFENDANT'S NOTICE OF REMOVAL - Page 6
Y:\Clients\Pilot Flying J-7755\Jefferson, Raymond - 7755.117\Pleadings\Pilot's Notice of Removal.docx

Respectfully submitted,

/s/ Michael B. Jones
Michael B. Jones, State Bar No. 24002375
MJones@CanterburyLaw.Com
Austin H. Moorman, State Bar No. 24102928
AMoorman@CanterburyLaw.Com
Kaitlyn M. McClaine, State Bar No. 24126196
KMcClaine@CanterburyLaw.Com

CANTERBURY, PC

4851 LBJ Freeway, Suite 301
Dallas, Texas 75244-6136
972.239.7493 – Telephone
972.490-7739 – Facsimile

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on the 11th day of February, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court and/or served the foregoing document by another method authorized by Federal Rule of Civil Procedure 5(b).  The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as a service of this document by electronic means.  I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Jeffrey Shelton, Esq
jshelton@MAS.law
Nader Arzani, Esq.
narzani@MAS.law
David Kobilka, Esq.
dkobilka@MAS.law
Modjarrad, Abusaad, Said, Law Firm
212 West Spring Valley, Road
Richardson, Texas 75081
Facsimile: (972) 789-1665
*Counsel for Plaintiff*

/s/ Michael B. Jones
Michael B. Jones