

Filed 1/12/2022 12:41 PM
Susan Spradling,
District Clerk
Hunt County, Texas

KK

CAUSE NO. 90774

| | | |
|---|---|---|
| **RAYMOND JEFFERSON, SR.,** *Plaintiff,* | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | Hunt County - 354th District Court |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **PILOT TRAVEL CENTERS, LLC,** *Defendant.* | § | **HUNT COUNTY, TEXAS** |
| | § | |

---

**PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Raymond Jefferson, Sr** ("Plaintiff") complaining of and about **Pilot Travel Centers, LLC** ("Defendant" or "Pilot"). For causes of action, Plaintiff respectfully shows unto the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Texas Rule of Civil Procedure 190.3 Discovery Level Two (2).

## II. PARTIES AND SERVICE

2. Plaintiff Raymond Jefferson, Sr is an Individual residing in Dallas County, Texas.

3. Defendant Pilot Travel Centers, LLC is a Foreign Limited Liability Company, doing business in Texas, and can be served through its registered agent, CT Corporation Systems at the following address: 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **Issuance of citation is requested at this time.**

4. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that

such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## III. JURISDICTION AND STATEMENT OF MONETARY RELIEF

5.   The subject matter in controversy is within the jurisdictional limits of this Court.

6.   Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## IV. VENUE

7.   Venue in Hunt County is proper in this cause under Section 15.002(a)(1) of the Texas Civil
Practice and Remedies Code because all or a substantial part of the events or omissions
giving rise to this lawsuit occurred in this county.

## V. FACTS

8.   On or about August 22, 2021, at 8:46 a.m., Plaintiff Raymond Jefferson, Sr was a patron at
Pilot Travel Center, located at 2226 FM1903, Caddo Mills, Texas 75135 (the "Premises").

9.   While exiting the Premises, Plaintiff swung the door open and began to proceed outside
Unbeknownst to Plaintiff, a rubber mat was set too close to the outside of the door. Upon
passing the threshold of the door, the mat lifted off the ground and bunch around Plaintiff's
foot and caused Plaintiff to fall.

10.  As a result of the fall, Plaintiff suffered damages and personal injuries that remain until today,
and mental anguish, as well as deleterious effects on Plaintiff's quality of life.

11.  At all relevant times, Defendant's conduct, and that of its agents, servants, and employees,
acting within the scope of their employment, was the proximate cause of Plaintiff's injury.

12.  At all relevant times, there was no sign, cone, warnings, or such thing around the area directly
outside the door to warn the patrons about the dangerous condition, nor was the area
quarantined, or managed by any Pilot employee, agent, or servant at the time.

## VI. PLAINTIFF'S CLAIM AGAINST DEFENDANT PILOT TRAVEL CENTERS, LLC FOR PREMISES LIABILITY

13. Plaintiff incorporates by reference the allegation set forth above as if the same were fully set forth herein.

14. At all relevant times, Defendant Pilot owned and/or had such control over the premises in question, that they owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. At all times relevant, Plaintiff entered Defendant's premises as a patron in response to Defendant's invitation and for their mutual benefit.

16. At all times relevant, the unsecured and unkept mat outside the door posed an unreasonable risk of harm to Plaintiff.

17. The dangerous condition of unsecured and unkept mat outside the door was not open nor obvious to Plaintiff.

18. Defendant knew or reasonably should have known of the above-described dangerous conditions, yet failed to warn the patrons, including Plaintiff, to use extra care.

19. Defendant breached the duty of ordinary care by failing to reduce or eliminate the dangerous condition by rectifying or warning of the condition.

20. Plaintiff's injuries were proximately caused by Defendant Pilot's negligent, careless, and reckless disregard of said duties.

## VII. LIABILITIES OF DEFENDANT PILOT TRAVEL CENTERS, LLC UNDER RESPONDEAT SUPERIOR

21. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

22. At all times relevant, Defendant Pilot was acting through their servants, employees, and/or

agents, under the doctrines of *respondeat superior*, *vicarious liability*, and/or *agency*.

23. Defendant Pilot is liable for the negligent acts and omissions of their servants, employees, and/or agents, under the doctrines of *respondeat superior*, *vicarious liability*, and/or *agency*.

24. The negligence of Defendant Pilot, their servants, employees, and/or agents was the proximate cause of Plaintiff's injuries and damages.

## VIII. PLAINTIFF'S CLAIM OF HIRING, SUPERVISION, TRAINING, AND RETENTION AGAINST DEFENDANT PILOT TRAVEL CENTERS, LLC

25. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

26. Defendant Pilot had a legal duty to hire, supervise, train, and retain competent agents, employees and/or servants who exercise the degree of care that a reasonably careful person would use to maintain the premises at issue in a safe condition to avoid harm to others under circumstances like those described herein. Moreover, Defendant Pilot had a duty to enforce safety standards.

27. Defendant Pilot failed, and thus breached, the above-described duties.

28. Defendant Pilot knew that their servants, employees, and/or agents are not competent.

29. Defendant Pilot's breach of the above-described duties was the proximate cause of Plaintiff's damages and injuries.

## IX. PROXIMATE CAUSE

30. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

31. Each and every, all and singular, of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of

the injuries and damages set forth below.

## X. GROSS NEGLIGENCE

32. Defendant Pilot was grossly negligent as it exhibited a conscious disregard for the safety of their customers and business invitees, including Plaintiff, by engaging in the conducts that were not merely negligent, but reckless. Plaintiff seeks damages including exemplary damages.

## XI. DAMAGES

33. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

34. Defendant Pilot's actions and/or omissions set forth above, were the proximate cause of Plaintiff's injuries and damages.

35. As a direct and proximate result of the above-mentioned premises liability and/or negligent activity, made the basis of this lawsuit, Plaintiff was caused to suffer injuries, and to incur the following damages:

   a)  Reasonable medical care and expenses in the past. These expenses were incurred by Raymond Jefferson for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Hunt County, Texas;

   b)  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred by Raymond Jefferson in the future;

   c)  Physical pain and suffering in the past;

   d)  Physical pain and suffering in the future;

   e)  Mental anguish in the past;

   f)  Mental anguish in the future;

   g)  Physical impairment in the past;

   h)  Physical impairment in the future; and

    i)    Damages to personal property.

## XII. EXEMPLARY DAMAGES

36. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

37. Defendant's negligent conduct set forth above constitutes gross negligence as alleged.

38. Therefore, Plaintiff is entitled to, and expressly seeks, an award of exemplary damages against Defendant Pilot, in an amount to be determined by the trier of fact.

## XIII. NOTICE OF INTENT

39. Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XIV. TRCP 54 CONDITIONS PRECEDENT

40. Plaintiff pleads that all conditions precedent have been performed or have occurred.

## XV. JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff **Raymond Jefferson, Sr** respectfully prays that Defendant **Pilot Travel Centers, LLC** be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant, for the following:

    a) Damages in an amount within the jurisdictional limits of the Court;
    b) Exemplary damages;
    c) Pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;
    d) Post-judgment interest at the legal rate;
    e) Costs of court; and

f)  Such other and further relief to which Plaintiff may be, in law or in equity, justly entitled.

Respectfully submitted,

By:  */S/ Nader Arzani*

**JEFFREY SHELTON**
Texas Bar No. 24011458
jshelton@MAS.law
**NADER ARZANI**
Texas Bar No. 24111407
narzani@MAS.law
**DAVID KOBILKA**
dkobilka@MAS.law
Texas Bar No. 24103284
**MODJARRAD | ABUSAAD | SAID, LAW FIRM**
212 West Spring Valley Road
Richardson, Texas 75081
(972) 789-1664
(972) 789-1665 – Facsimile
*Attorneys for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Navai on behalf of Nader Arzani
Bar No. 24111407
dnavai@mas.law
Envelope ID: 60748757
Status as of 1/12/2022 1:33 PM CST

Associated Case Party: RAYMOND JEFFERSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Shelton | | jshelton@mas.law | 1/12/2022 12:41:37 PM | SENT |
| Nader Arzani | | narzani@mas.law | 1/12/2022 12:41:37 PM | SENT |
| Daniel Navai | | dnavai@mas.law | 1/12/2022 12:41:37 PM | SENT |
| Melissa Viera | | mviera@mas.law | 1/12/2022 12:41:37 PM | SENT |
| David Kobilka | | dkobilka@mas.law | 1/12/2022 12:41:37 PM | SENT |

CAUSE NO. 90774

| | | |
|---|---|---|
| **RAYMOND JEFFERSON, SR.,** *Plaintiff,* | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | Hunt County - 354th District Court |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **PILOT TRAVEL CENTERS, LLC,** *Defendant.* | § | **HUNT COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Raymond Jefferson, Sr** ("Plaintiff") complaining of and about **Pilot Travel Centers, LLC** ("Defendant" or "Pilot"). For causes of action, Plaintiff respectfully shows unto the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Texas Rule of Civil Procedure 190.3 Discovery Level Two (2).

## II. PARTIES AND SERVICE

2. Plaintiff Raymond Jefferson, Sr is an Individual residing in Dallas County, Texas.

3. Defendant Pilot Travel Centers, LLC is a Foreign Limited Liability Company, doing business in Texas, and can be served through its registered agent, CT Corporation Systems at the following address: 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **Issuance of citation is requested at this time.**

4. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that

such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## III. JURISDICTION AND STATEMENT OF MONETARY RELIEF

5. The subject matter in controversy is within the jurisdictional limits of this Court.

6. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## IV. VENUE

7. Venue in Hunt County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## V. FACTS

8. On or about August 22, 2021, at 8:46 a.m., Plaintiff Raymond Jefferson, Sr was a patron at Pilot Travel Center, located at 2226 FM1903, Caddo Mills, Texas 75135 (the "Premises").

9. While exiting the Premises, Plaintiff swung the door open and began to proceed outside Unbeknownst to Plaintiff, a rubber mat was set too close to the outside of the door. Upon passing the threshold of the door, the mat lifted off the ground and bunch around Plaintiff's foot and caused Plaintiff to fall.

10. As a result of the fall, Plaintiff suffered damages and personal injuries that remain until today, and mental anguish, as well as deleterious effects on Plaintiff's quality of life.

11. At all relevant times, Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, was the proximate cause of Plaintiff's injury.

12. At all relevant times, there was no sign, cone, warnings, or such thing around the area directly outside the door to warn the patrons about the dangerous condition, nor was the area quarantined, or managed by any Pilot employee, agent, or servant at the time.

## VI. PLAINTIFF'S CLAIM AGAINST DEFENDANT PILOT TRAVEL CENTERS, LLC FOR PREMISES LIABILITY

13. Plaintiff incorporates by reference the allegation set forth above as if the same were fully set forth herein.

14. At all relevant times, Defendant Pilot owned and/or had such control over the premises in question, that they owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. At all times relevant, Plaintiff entered Defendant's premises as a patron in response to Defendant's invitation and for their mutual benefit.

16. At all times relevant, the unsecured and unkept mat outside the door posed an unreasonable risk of harm to Plaintiff.

17. The dangerous condition of unsecured and unkept mat outside the door was <u>not</u> open nor obvious to Plaintiff.

18. Defendant knew or reasonably should have known of the above-described dangerous conditions, yet failed to warn the patrons, including Plaintiff, to use extra care.

19. Defendant breached the duty of ordinary care by failing to reduce or eliminate the dangerous condition by rectifying or warning of the condition.

20. Plaintiff's injuries were proximately caused by Defendant Pilot's negligent, careless, and reckless disregard of said duties.

## VII. LIABILITIES OF DEFENDANT PILOT TRAVEL CENTERS, LLC UNDER RESPONDEAT SUPERIOR

21. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

22. At all times relevant, Defendant Pilot was acting through their servants, employees, and/or

agents, under the doctrines of *respondeat superior*, *vicarious liability*, and/or *agency*.

23. Defendant Pilot is liable for the negligent acts and omissions of their servants, employees, and/or agents, under the doctrines of *respondeat superior*, *vicarious liability*, and/or *agency*.

24. The negligence of Defendant Pilot, their servants, employees, and/or agents was the proximate cause of Plaintiff's injuries and damages.

## VIII. PLAINTIFF'S CLAIM OF HIRING, SUPERVISION, TRAINING, AND RETENTION AGAINST DEFENDANT PILOT TRAVEL CENTERS, LLC

25. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

26. Defendant Pilot had a legal duty to hire, supervise, train, and retain competent agents, employees and/or servants who exercise the degree of care that a reasonably careful person would use to maintain the premises at issue in a safe condition to avoid harm to others under circumstances like those described herein. Moreover, Defendant Pilot had a duty to enforce safety standards.

27. Defendant Pilot failed, and thus breached, the above-described duties.

28. Defendant Pilot knew that their servants, employees, and/or agents are not competent.

29. Defendant Pilot's breach of the above-described duties was the proximate cause of Plaintiff's damages and injuries.

## IX. PROXIMATE CAUSE

30. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

31. Each and every, all and singular, of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of

the injuries and damages set forth below.

## X. GROSS NEGLIGENCE

32.  Defendant Pilot was grossly negligent as it exhibited a conscious disregard for the safety of their customers and business invitees, including Plaintiff, by engaging in the conducts that were not merely negligent, but reckless. Plaintiff seeks damages including exemplary damages.

## XI. DAMAGES

33.  Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

34.  Defendant Pilot's actions and/or omissions set forth above, were the proximate cause of Plaintiff's injuries and damages.

35.  As a direct and proximate result of the above-mentioned premises liability and/or negligent activity, made the basis of this lawsuit, Plaintiff was caused to suffer injuries, and to incur the following damages:

    a)    Reasonable medical care and expenses in the past. These expenses were incurred by Raymond Jefferson for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Hunt County, Texas;

    b)    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred by Raymond Jefferson in the future;

    c)    Physical pain and suffering in the past;

    d)    Physical pain and suffering in the future;

    e)    Mental anguish in the past;

    f)    Mental anguish in the future;

    g)    Physical impairment in the past;

    h)    Physical impairment in the future; and

     i) Damages to personal property.

## XII. EXEMPLARY DAMAGES

36. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

37. Defendant's negligent conduct set forth above constitutes gross negligence as alleged.

38. Therefore, Plaintiff is entitled to, and expressly seeks, an award of exemplary damages against Defendant Pilot, in an amount to be determined by the trier of fact.

## XIII. NOTICE OF INTENT

39. Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XIV. TRCP 54 CONDITIONS PRECEDENT

40. Plaintiff pleads that all conditions precedent have been performed or have occurred.

## XV. JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff **Raymond Jefferson, Sr** respectfully prays that Defendant **Pilot Travel Centers, LLC** be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant, for the following:

a) Damages in an amount within the jurisdictional limits of the Court;
b) Exemplary damages;
c) Pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;
d) Post-judgment interest at the legal rate;
e) Costs of court; and

f) Such other and further relief to which Plaintiff may be, in law or in equity, justly entitled.

Respectfully submitted,

By: */S/ Nader Arzani*

**JEFFREY SHELTON**
Texas Bar No. 24011458
jshelton@MAS.law
**NADER ARZANI**
Texas Bar No. 24111407
narzani@MAS.law
**DAVID KOBILKA**
dkobilka@MAS.law
Texas Bar No. 24103284
**MODJARRAD | ABUSAAD | SAID, LAW FIRM**
212 West Spring Valley Road
Richardson, Texas 75081
(972) 789-1664
(972) 789-1665 – Facsimile
*Attorneys for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Navai on behalf of Nader Arzani
Bar No. 24111407
dnavai@mas.law
Envelope ID: 60748757
Status as of 1/12/2022 1:33 PM CST

Associated Case Party: RAYMOND JEFFERSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Shelton | | jshelton@mas.law | 1/12/2022 12:41:37 PM | SENT |
| Nader Arzani | | narzani@mas.law | 1/12/2022 12:41:37 PM | SENT |
| Daniel Navai | | dnavai@mas.law | 1/12/2022 12:41:37 PM | SENT |
| Melissa Viera | | mviera@mas.law | 1/12/2022 12:41:37 PM | SENT |
| David Kobilka | | dkobilka@mas.law | 1/12/2022 12:41:37 PM | SENT |